FILED

APR 19 2010

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> JOSE HERNANDEZ-CONTRERAS, <br> Defendant. | Cr. No. 09-2808GT <br><br> **ORDER** |

On March 9, 2010, Defendant, Jose Hernandez-Contreras ("Mr. Hernandez") filed Objections to the Presentence Report ("PSR"). Probation filed an Addendum. The Government filed an Opposition to the Objections. The Court has fully considered the matter, including a review of the file, the briefs filed, the authorities cited therein and the arguments presented. For the reasons stated below, Mr. Hernandez' Objections to the PSR are **DENIED**.

//

//

//

## BACKGROUND

On September 9, 2009, Defendant, Jose Hernandez-Contreras ("Mr. Hernandez"), pled guilty to a one count Information charging him with Deported Alien Found in the United States, in violation of 8 U.S.C. § 1326(a) and (b).

On June 26, 2009, a border patrol agent observed an individual, later identified as Mr. Hernandez, climbing over the primary boundary fence one mile west of the San Ysidro Port of Entry. Mr. Hernandez ran a few yards and used limbs from a nearby tree to scale the secondary fence. He then attempted to conceal himself in the tree. When confronted, Mr. Hernandez admitted to the border patrol agent that he was in the United States illegally. Mr. Hernandez was taken to a station for processing. A records check revealed he had both a criminal and immigration history.

## OBJECTIONS to PSR

First, Mr. Hernandez objects to the listed AKAs, dates of birth and "other identification numbers" listed on page i, line 13 through page ii, line 43. Probation states this information was gathered from Mr. Hernandez' various rap sheets and prior arrest records. Probation correctly asserts this information should stay in the PSR.

Next, Mr. Hernandez objects to the entire section of "Other Law Enforcement Contacts" on page 9 line 26 through page 10, line 13. He claims the information is hearsay and he has not seen the underlying reports. Probation states that the information was obtained by a fingerprint match with arrest records, except where otherwise noted. Probation also correctly states that under § 1B1.3, the Court may consider all acts of the defendant for sentencing purposes.

Next, Mr. Hernandez objects to the separate scoring for the three convictions listed on page 8 line 19 through page 9, line 11. Mr. Hernandez asserts they should be scored only as one offense because they were consolidate for the purpose of sentencing. However, Section 4A1.2(a)(2) states that

> Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e, the defendant is arrested

for the first prior to committing the second offense). U.S.S.G § 4A1.2(a)(2) Probation correctly states that each of the three convictions were separate crimes, with separate case numbers, different arrest dates, and different plea dates. For example, Mr. Hernandez was arrested on September 13, 2006 in case # VCF170420. He was subsequently arrested in case # VCF182412 on November 17, 2006. Hence, he was arrested for the first offense prior to committing the second offense. Therefore, under # 4A1.2(a)(2) there was an intervening arrest and these crimes should be counted separately. Likewise, he was arrested for the third crime on February 19, 2007, which was also after the previous two convictions. Therefore, this conviction should also be counted separately.

Finally, Mr. Hernandez objects that Probation gave him a +8 for an aggravated felony for his prior conviction for first degree burglary under § 2L1.2(b)(1)(C). Under this section, the definition of aggravated felony is the same as under 8 U.S.C. § 1101(a)(43). Under § 1101(a)(43)(G), an aggravated felony is "a theft offense . . . or burglary offense for which the term of imprisonment" is at least one year. Mr. Hernandez was convicted of burglary in 1979 and did 2 years in prison after his parole was revoked. Hence the 8 level increase is appropriate. Although this conviction is more than 30 years old, Mr. Hernandez has an extensive and continuing criminal background. In fact, Probation states that a 16 level enhancement for drug trafficking would be more appropriate except there are no supporting documents.

Mr. Hernandez also makes several constitutional type arguments which have previously been rejected by the Ninth Circuit. First, Mr. Hernandez argues that since the Information did not specifically enumerate his prior offenses, that now his sentence can not be enhanced by those prior offenses. Mr. Hernandez argues that his sentence is limited to the statutory maximum of 24 months under § 1326(a). However, Mr. Hernandez pled guilty, pursuant to a written plea agreement, to violation of 8 U.S.C. § 1326(a) and (b) and all the requisite elements. This includes the element of being deported after commission of a felony. Hence, this argument fails. Also, the Ninth

Circuit in US v. Covian-Sandoval, 462 F.3d 1090, 1096 (9th Cir. 2006) specifically found that under Almendarez-Torres, a judge may enhance a defendant's sentence for a prior conviction even though it was not charged in the indictment, submitted to a jury or proved beyond a reasonable doubt.

Second, Mr. Hernandez argues that there is insufficient proof to support the 8 level increase. Mr. Hernandez argues that it is the government's burden to prove any sentencing enhancement. Since, the government only agreed to a 4 level increase, the government did not prove the 8 level enhancement. Mr. Hernandez misstates how sentencing works. The court may take into consideration any and all relevant facts in sentencing a defendant, including all his prior convictions. The court is not limited to just what the government presents. In this case, Probation has presented Mr. Hernandez' extensive criminal history. And again, under Covian-Sandoval, prior convictions need not be included in the charging document, presented to a jury or proved beyond reasonable doubt. Accordingly,

**IT IS ORDERED** that Mr. Hernandez' Objections to the PSR are **DENIED**.

**IT IS SO ORDERED.**

April 19, 2010
date

GORDON THOMPSON, JR.
United States District Judge

cc: All counsel and parties without counsel